**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WINDWARD BORA LLC,

|  |  |
|---|---|
| Plaintiff, | **REPORT AND** |
| | **RECOMMENDATION** |
| -against- | CV 25-1374 (MKB) (ARL) |

THOMAS STERLING, DOTHLYN STERLING
and SUNRUN, INC.,

                                                      Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the Court is the plaintiff's motion for a Default Judgment of Foreclosure and Sale, on referral from District Judge Brodie. For the reasons set forth below, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

This case has a complex procedural history, which is not referenced in the plaintiff's motion papers. In January 2022, the plaintiff, Winward Bora LLC ("Windward"), commenced an action against the same defendants it is currently suing, namely, Thomas Sterling, Dothlyn Sterling and Sunrun, Inc.[1], pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.,* seeking to foreclose on a mortgage encumbering the property commonly known as 170 Bedford Avenue, Garden City, New York 11040. *See* 22-98 (NG) (ARL); ECF No. 1. According to the complaint filed in the 2022 case, on March 8, 2005, Thomas and Dothlyn Sterling (the "Sterlings") obtained a mortgage loan in the amount of $100,000 from Long Beach Mortgage Company to purchase the property. *Id.* at ¶¶ 9, 10; Ex. B, C. The mortgage and note were immediately assigned to Mortgage Electronic Registration

---

[1] Sunrun is a party defendant because it holds a UCC-1 financing statement against the borrowers and/or property, which is allegedly subordinate to Windward's mortgage.

Systems, Inc. *Id.* ¶ 11. Then, between May 2016 and October 2017, the mortgage and note were reassigned two additional times, the last assignment of which was to Windward. *Id.* Windward's assignment was recorded on December 20, 2017, in the Nassau County Clerk's Office at Liber 42574, page 396. *Id.* Ex. D.

The Sterlings defaulted on the mortgage by failing to make a loan payment on June 1, 2021, and then failed to make any additional payments prior to the commencement of the action. *Id.,* Devico Aff. ¶ 5. According to plaintiff's counsel, pursuant to the terms set forth in the loan documents, on September 28, 2021, it mailed the Sterlings a 30-day notice to cure on Windward's behalf. *Id.*, ECF No. 1. Ex. E. They also served the Sterlings with a 90-day pre-foreclosure notice required under RPAPL ¶ 1304 and complied with RPAPL 1306(1) registration requirements. *Id.* Despite being served with such notices, the Sterlings failed to cure the default or otherwise respond. *Id.* ¶ 18.

According to Windward's counsel, on January 21, 2022, Thomas Sterling was personally served with a copy of the summons, complaint and certificate of merit. *Id*., ECF No. 10. At the same time, Dothlyn Sterling was allegedly served by substituted service on her husband, Thomas, at the property. *Id*., ECF No. 11. On June February 14, 2022, Windward submitted a request to the Clerk of the Court to have a notation of default entered against all of the defendants and, on February 17, 2022, the Clerk of the Court entered that notation of default. On March 2, 2022, Windward moved for a default judgment. The motion was referred to Magistrate Judge Shields by District Judge Hurley on March 3, 2022. Magistrate Judge Shields recused on June 13, 2022, and the case was also reassigned to the undersigned and District Judge Gershon.

2

On October 14, 2022, the undersigned issued a report, recommending that Windward be awarded a Judgment of Foreclosure and Sale against the Sterlings, under the supervision of a referee to be selected by District Judge Gershon, reflecting the following amounts to be awarded to Windward: (a) principal in the amount of $137,690.87 and (b) interest through February 22, 2022, in the amount of $5,859.81. *Id.*, ECF No. 17. However, the report highlighted some inconsistencies particularly with respect to the address of the premises. Accordingly, the recommendation was not immediately adopted because the proposed judgment submitted by Windward reflected the wrong courthouse, the wrong judge and the wrong property address. *See* Gershon Order dated November 18, 2022. Changes to the proposed judgment were made by Windward, but by the time the proposed judgment was submitted, the referee had been changed without explanation. *See* Gershon Order dated February 3, 2023.

On February 7, 2023, District Judge Gershon entered the Judgment for Foreclosure and Sale after Windward explained that the referee had been changed due to the change in the courthouse. *See* 22-98 (NG) (ARL); ECF No. 24. However, one month later, the plaintiff Dothlyn Sterling moved to "dismiss the case," which the Court interpreted as a motion to vacate the Judgment for Foreclosure and Sale. *Id.* ECF No. 26. Among other things, Dothlyn Sterling claimed the process server had not used "due diligence." *Id.* That motion was also referred to the undersigned, who scheduled a conference for March 23, 2023. During the conference, Windward reported that the sale of the subject property was voluntarily suspended pending determination of the defendant's claim of improper service. The parties' also requested a three week adjournment to discuss settlement. *Id.* ECF No. 30.

On January 12, 2024, counsel for Windward advised that the parties were entering into a modification agreement. *Id*. ECF No. 33. Shortly thereafter, Windward filed a Notice of Voluntary Dismissal and the case was closed on March 19, 2024. *Id.* ECF Nos. 34, 35.

Approximately one year later, Windward commenced the instant action against the defendants, Thomas Sterling, Dothlyn Sterling and Sunrun, Inc., once again seeking to foreclose on a mortgage encumbering the property commonly known as "170 Bedford Avenue, Garden City, New York 11040." ECF No. 1. According to Windward, on March 18, 2025, Dothlyn and Thomas Sterling were served by substituted service on a co-tenant, John Stevenson, at the property located in "Garden City Park." ECF Nos. 11, 12. On April 17, 2025, Windward submitted a request to the Clerk of the Court to have a notation of default entered against all of the defendants and, the following day, the Clerk of the Court entered that notation of default. ECF Nos. 14, 15. On June 18, 2025, Windward moved for a default judgment. The motion was reassigned to the undersigned.

In the instant action, Windward repeats in the complaint that it is seeking to foreclose on a mortgage encumbering the property commonly known as 170 Bedford Avenue, Garden City, New York 11040. ECF No. 1, Compl. ¶ 1. The legal description of the property annexed as Exhibit A to the complaint lists the address as Garden City Park but states in bold that the premises is known as Garden City. *Id.* Ex. A. However, the Schedule A Description annexed to the new complaint differs from the original Schedule A Description annexed to the Mortgage. See Ex. B. In fact, the original Schedule A Description clearly lists a Garden City Park address. *Id.* The inconsistency is especially troubling since District Judge Gershon issued two orders in the prior action requiring Windward to confirm the location of the premises.

4

The new complaint further alleges that Dothlyn Sterling resides at the subject premises but it now contains what appears to be another typographical error with respect to Thomas Sterling's residential address. *Id.* ¶¶ 3, 4. Specifically, the complaint now states "Thomas Sterling, upon information and belief, is a resident and citizen of the State of New York, having an address at Thomas Sterling." The typographical error makes it difficult for the Court to confirm whether service of process was proper.

Windward then repeats that, on March 8, 2005, Thomas Sterling and Dothlyn Sterling executed and delivered a Note to Long Beach Mortgage Company in the amount of $100,000.00 "and interest." *Id*. ¶ 9, Ex. B, C. However, in this new action, Windward now references a Loan Modification Agreement executed on May 15, 2020, which it claims reaffirmed the Sterlings obligations under the loan documents, and in which the unpaid principal balance was modified to the amount of $137,690.87. *Id*. Ex. D. Shockingly, Windward's 2022 complaint was silent with respect to the loan modification agreement although it was clearly executed prior to the commencement of the first action. In fact, the Court now realizes that Yonel Devico's calculation must have been based on the principal due under the loan modification agreement not the original mortgage and note. *See* 22-98 (NG) (ARL); ECF No. 14, Weinreb Decl. Ex. C.

Moreover, surprisingly absent from the current complaint is any reference to the "terms of a forbearance/modification agreement" reached between the parties in late 2023, early 2024. *Id.* ECF Nos. 32, 33. Rather, Windward simply alleges in the new complaint that the Sterlings failed to comply with the terms and provisions of "the said Mortgage and said instrument(s) secured by the Mortgage." ECF No. 1, Compl. ¶ 15. In a similar vein, the Affidavit of Joseph DeRuscio, which was offered to provide an explanation of the amounts owed, refers to the Loan Modification Agreement described in the Complaint, that being the May 15, 2020 Agreement.

DeRuscio Aff. ¶¶ 3, 4. Yet, he avers that the outstanding unpaid principal balance is $152,789.92, which the Court assumes is the principal balance that the parties agreed to in 2024 when they settled the 2022 action. Since the 2024 forbearance terms or modification agreement have not been provided to the Court, the undersigned is unable to verify the veracity of the plaintiff's claims.

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). Given the history of this case and the multitude of errors, the undersigned is unable to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law. Accordingly, the undersigned recommends that the motion be denied.

6

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
           February 10, 2026

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge